GRISBAUM, Judge,
concurring.
I concur with the opinion but for different reasons. In Carter v. Avondale Shipyards, Inc., 415 So.2d 174 (La.1982), the court found the second employer fully liable for compensation payments to the plaintiff and released the first employer because, as the court held, the plaintiff failed to establish by a preponderance of the evidence that his exposure to harmful dust while working for the first employer caused him to contract silicosis and to become disabled. The plaintiff’s testifying physicians stated they could not offer opinions as to which job caused the silicosis because they did not know the concentration levels to which he was exposed. The court found the evidence indicated the plaintiff’s first place of employment might have played a part in his development of silicosis, but that the higher level of concentration at the second place of employment indicated this employment was the primary cause of the plaintiff’s disability. *1314 Likewise, in the instant case, the plaintiff failed to prove by a preponderance of the evidence that his exposure at Johns-Man-ville caused a serious and permanent impairment of his lungs. Dr. Brown, the plaintiffs own expert witness, stated at trial that it would be very difficult to apportion the contribution that each exposure played in the development of the plaintiffs impairment. In addition, he indicated that he gave considerable weight to the subsequent exposure to fibrogenic dusts present at Celotex since the subsequent exposure would have the effect of accelerating the disease process into a “clinically significant disease.”
Accordingly, I am able to concur with the majority opinion because of the plaintiffs failure to prove by a preponderance of the evidence his claim against Johns-Manville, but I do not read Carter as imposing in all eases a prohibition against assessing a compensation award against more than one employer.